PREUSSER, Appellant, vs. THE SUPREME HIVE OF THE LADIES OF THE MACCABEES OF THE WORLD and another, Respondents.

*October 19—November 15, 1904.*

*Life insurance: Benefit societies: Change of beneficiaries: Vested rights.*

1. A married woman, to whom was issued a certificate in a benefit society payable to her husband (who, without special agreement with the wife, retained possession of the certificate and paid the dues necessary to keep the insurance in force), changed the beneficiary without the knowledge of the husband.  The change was effected without complying in all respects with the rules of the benefit society, but it nevertheless issued to the wife a new certificate with different beneficiaries, the old certificate still remaining in possession of the husband.  *Held*, that no circumstances were disclosed sufficient to give the husband any vested interest in the certificate or its proceeds.
2. In such case, the mere possession of the certificate or policy by the husband, who has voluntarily paid the dues thereon, all explainable by the marital relations, and consistent with the rights of the wife remaining undisturbed thereby, is not sufficient to show a vested right in the husband, nor to divest the right of the wife to change the beneficiary at will.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action to recover on a beneficiary certificate. Lizzie Preusser, wife of appellant, acquired a membership with a beneficiary certificate of $1,000, in the defendant, the *Supreme Hive of the Ladies of the Maccabees of the World.* The mortuary benefits, by the terms of such certificate, were made payable to appellant. She delivered such certificate to her husband merely for safe keeping, so far as appears, where it remained till she died. He paid the dues necessary to keep the insurance in force, but without any special agreement with his wife to do so. Some five years after the certificate was issued, without the knowledge of her husband, she applied to the corporation to have it changed so that one half of the mortuary benefit upon the maturity thereof would go to appellant, and one half to her daughter. *Lottie.* The old certificate was not surrendered, nor was any demand made upon appellant therefor. The rules of the corporation permitted such changes to be made upon condition of the surrender of the old certificate, or in lieu thereof, proof of its loss, or that it was in the possession of another who refused to deliver it, or of some other satisfactory reason why it could not be returned. The excuse given in this instance for not surrendering the certificate was that it was inconvenient to procure it. Such excuse was embodied in the application, considered with an explanatory letter as to the nature of the inconvenience, accepted as satisfactory and the application was granted, a new certificate being issued and delivered to Mrs. Preusser. She died in a few months after such change. Thereupon a claim was made on behalf of the daughter *Lottie,* under the new certificate, for one half of the sum payable thereon, and a claim was made on behalf of appellant for the whole thereof. The corporation was permitted to pay such fund into court. Such proceedings were thereafter taken that an issue was formed in this action to determine

their rights in respect thereto. *Lottie* being a minor appeared by a guardian *ad litem.* The result of the trial of such issue was that facts were found in harmony with the foregoing, and thereupon the court decided that it was competent for the corporation to waive strict compliance with its rule, as to the surrender of the first certificate before issuing the new one, and that plaintiff acquired no vested interest in the former by reason of the possession thereof and payment of the dues necessary to keep the insurance in force. Accordingly judgment was entered in favor of *Lottie* for one half of the fund deposited in court, as aforesaid, and for costs against plaintiff. Such judgment was entered and plaintiff appealed.

The cause was submitted for the appellant on the brief of *Edgar L. Wood,* and for the respondents on that of *F. J. Walthers.*

MARSHALL, J. That Mrs. Preusser had the absolute right to change the beneficiary in her certificate, subject to the rules of the corporation and such modifications thereof as it chose to make, unless plaintiff before the attempt in that regard acquired a vested interest therein, is ruled by *Berg v. Damkoehler,* 112 Wis. 587, 88 N. W. 606; *Waldum v. Homstad,* 119 Wis. 312, 96 N. W. 806, and numerous cases elsewhere.

Doubtless, the beneficiary named in a certificate or policy of insurance may obtain an interest therein, there being nothing in the contract of insurance to prevent it, precluding any change thereof to his prejudice without his consent (*Adams v. Grand Lodge A. O. U. W.* 105 Cal. 321–324, 38 Pac. 914), but there is no circumstance disclosed by the evidence or mentioned in the findings here sufficient to accomplish such result. As indicated in the statement, so far as appears, appellant voluntarily paid his wife's dues upon her membership. That does not suggest the existence of any agree-

ment between them giving him an interest in the insurance
in consideration of making such payments, nor does the mere
possession by him of the certificate, under the circumstances,
suggest that it was delivered to him as a gift. .

True, as counsel argues, in stating the rule in most of the
adjudications as regards the right of the owner of a certifi-
cate of the kind in question to change the beneficiary with-
out regard to the latter's wishes, it is commonly said that
such right exists where the assured has paid the dues neces-
sary to keep the insurance in force, but that by no means is
a necessary condition of such right under all circumstances.
The fact that the payments were made by one, other than
the assured, does not form an exception to the general rule,
unless such payment was characterized by circumstances giv-
ing the payor such an interest in the certificate, that at least
a court of equity would protect it.   Mere voluntary payment
by a husband of his wife's expenses for insurance, explain-
able by the marital relations, and consistent with her rights.
as to such insurance remaining undisturbed thereby, cannot
of itself be deemed sufficient to show a vested right in him
therein.   This case does not fall under such adjudications as
*Adams v. Grand Lodge, supra, Lemon v. Phœnix Mut. L.
Ins. Co.* 38 Conn. 294, but rather under such adjudications
as *Fisk v. Equitable Aid Union* (Pa.) 11 Atl. 84; *Jory v.
Supreme Council A. L. H.* 105 Cal. 20, 38 Pac. 524.; *Brown
v. Grand Lodge A. O. U. W.* 80 Iowa, 287, 45 N. W. 884;
*Byrne v. Casey,* 70 Tex. 247, 8 S. W. 38; *Appeal of Beatty,*
122 Pa. St. 428, 15 Atl. 861; *Masonic B. Asso. v. Bunch,*
109 Mo. 560, 19 S. W. 25; and many other cases that might
be referred to.   They are all to the effect that during the life-
time of the assured, he may change the beneficiary at will,
even though the certificate or policy is in the possession of the
beneficiary who has paid the dues thereon.

*By the Court:*—The judgment is affirmed.