## ELDRIDGE C. PRICE *vs.* MUTUAL RESERVE LIFE INSURANCE COMPANY.

*Action by Beneficiary Named in Life Insurance Policy—Illegal Assessments—Fraud—Cancellation of Policy—Replication to Plea of Limitations.*

The beneficiary named in a life insurance policy has no right of action against the company because it broke the contract with the insured, or because it made illegal assessments, and fraudulently took money from

him.   For such fraud or breach of contract suit must be brought by the insured himself or by his personal representatives.

When the insured in a mutual assessment company voluntarily elects to discontinue payment of assessments and dues, and directs the policy be cancelled, the beneficiary named in it has no right of action against the company on the ground that it had made illegal assessments upon the insured and did not place him in the particular class where he was entitled to be placed and had failed to set apart a reserve fund.

When to a plea of limitations it is replied that by the fraud and deceit of the defendant the plaintiff did not discover his right of action until within the period of less than three years prior to the bringing of the suit, such replication is bad on demurrer, since it does not state that the fraud could not have been discovered by the exercise of ordinary diligence within three years prior to the institution of the suit.  ·

Appeal from the Superior Court of Baltimore City.

The cause was argued before McSherry, C. J., Briscoe, Page, Schmucker, Jones and Burke, JJ.

*J. Kemp Bartlett,* (with whom was *Joseph P. Merryman* on the brief) for the appellant.

*John Prentiss Poe* (with whom was *John M. Carter* on the brief) for the appellee.

Page, J., delivered the opinion of the Court.

The questions in this case arise upon demurrers to the several pleadings.   The *narr.* contains thirteen counts, the first four being the ordinary money counts, the other nine are special counts. The fifth count alleges that the Mutual Reserve Fund Life Association, now known as The Mutual Reserve Life Insurance Company, in December, 1882, insured the life of Elias C. Price, deceased, father of the appellant, for the benefit of the plaintiff, and that the said appellee failed to carry out its contract with the said Elias; that the said Elias has since died and by his last will and testament the appellant is the sole legatee of his estate ; that the said insurance company failed to comply with its said contract of insurance, in that it did the things and omitted to do the things mentioned in the *narr* as

particularly mentioned in the fifth to the thirteenth counts inclusive.   To this *narr*, the appellee filed nineteen pleas, wherein he pleaded, by the first plea, limitations, by the second and third the general issue, by several pleas from the fourth to the eighteenth inclusive, special traverses, of the several breaches set out in the *narr* ; and by the nineteenth plea, "that with full knowledge of all the actings and doings of the defendant on the policy of insurance and without any conceal- ment or misrepresentations on its part, the said Elias Price voluntarily elected to discontiue payment on the mortuary as- sessments and dues, levied and assessed by the defendant, and thereby voluntarily suffered the said policy to elapse, whereby all the rights and claims of the said Elias Price wholly ceased and determined according to the express terms of said policy; and that said Elias Price, with full knowledge of all the acts and doings of the said insurance company for more than four years fully acquiesced in and assented to all said doings and well knew that said policy had lapsed and become null and void, wherefore it is further alleged that the said policy was cancelled and terminated during the lifetime of the said Elias and was acquiesced in by the said life association.

The appellant by his replication to the defendant's first plea, set up to the plea of limitations as follows; that by the false and fraudulent conduct and deceit of the defendant, his right of action was not discovered until within a period of less than three years prior to the bringing of this suit.   He joined issue upon all the other pleas except upon the nineteenth plea, to which he demurred.   To this replication, the defendant re- joined, setting up, to the plea of limitations, first, that the de- fendant was not guilty of fraudulent conduct and deceit in relation to the policy; and that the said Price with full knowl- edge of all the doings and acts of the said insurance company in reference to the said policy, had voluntarily refused to pay the assessment and had directed the company to cancel the policy.   And further that said Elias lived for more than four years thereafter, and that the said Elias, as well as the appel- lant, did know of said alleged causes of action, and that the

appellant could have discovered by the use of ordinary diligence the alleged causes of action, four years next preceding the institution of this suit.

The appellant demurred to the second, third and fourth rejoinders; and joined issue as to the fifth, whereupon the Court sustained the demurrer as to the *narr.*, overruled the rejoinders to the plea of limitations, and on the 19th of July, 1905, on motion of appellees rendered judgment in their favor, and from this the appellant has appealed.

Without further particularity in stating the voluminous pleadings in the case it is apparent that the real questions involved are, whether or not a legal cause of action is stated in the *narr.*, and also whether the plea of limitations was properly pleaded, and if so whether the facts set out in the rejoinders thereto were legally effective to constitute a bar. Stripped of its verbiage the ground of the plaintiff's right of recovery appears to be, that the appellant, the son and sole legatee of Elias C. Price, bases his right to sue, upon the facts that Elias in his life time entered into a contract with the appellee, and that the appellee failed to observe the obligations resting upon it by the terms of said contract in the several particulars specially set out in the *narr.*, notwithstanding the fact that in the life time of Elias, the contract was by agreement between the said Elias and the company cancelled. The appellant claims this right to sue, not because, under and by virtue of the contract itself he has any such right, but solely because he was named as the beneficiary therein. It was laid down in *Seigman* v. *Hoffacker*, 57 Md. 321, and it seems to be well established, that "in a matter of simple contract, a promise to one for the benefit of another, may be enforced by the person for whose benefit the promise was made;" but "unless the promisee has some beneficial interest himself, he cannot maintain the suit." It does not appear whether the policy mentioned in the *narr.* was under seal or not. Assuming, however, that it was not under seal, the only averments showing the interest of the appellant is, that he was named therein as the beneficiary and also that he was the sole legatee of his father. If

he claims as beneficiary, he can claim only as entitled to the fruits of the contract; but as beneficiary he cannot claim for wrongs inflicted by the company upon Elias Price, for the reason that he can claim by the terms of the contract, only what can be realized therefrom. Here the injuries alleged, are that the insurance company, made illegal assessments upon Elias Price, failed to set apart a reserve fund, and did not place him in a particular class, &c., and unfairly and fraudulently took from him a large sum of money. These and the other matters, set out in the declarations as breaches of the contract, are matters for which the contract of insurance furnishes the appellant no ground of complaint as beneficiary. They are damages to Elias Price which when recovered would enure to the estate of the deceased. An ordinary insurance upon the life of an individual is a contract, by which the insurer, for a consideration, engages to pay a sum specified to the beneficiary according to the terms of the policy, if the person who is insured shall die within the period limited by the policy. 19 *Enc. of L. & Eq.*, 42—Title Life Insurance.

The interest of the appellant being that of a beneficiary, had no interest in the policy further than that he could claim as beneficiary, and therefore no right to sue for the breach of the contract with Elias Price. If the breaches set out in the *narr.* can be recovered for at all (and of this we are not to be understood as expressing any opinion) the personal representatives of Elias Priee are the proper parties to sue. But apart from this—the appellee, by his nineteenth plea, alleges that about April, 1898, Elias Price, with full knowledge of the actions of the defendant in relation to the said policy "voluntarily elected to discontinue payment on the mortuary assessments and dues lawfully levied and assessed and suffered the said policy to lapse" and directed the policy to be cancelled and the same was cancelled and for more than four years acquiesced in the cancellation of the policy and in the doings and acts of the defendant, and well knew that said policy had lapsed, &c., according to the express terms and conditions of the policy. The demurrer admits these facts, which are set out in the

pleading. And further by the second rejoinder to the said replication, that Price with full knowledge of all the facts failed and refused to pay the assessments then due, and directed the defendant to cancel the policy and that in consequence thereof the policy was abandoned, &c. These facts are conclusive against any claim under the policy. *Mutual L. I. Co.* v. *Sears*, 178 U. S. 345; *Ryan* v. *Mutual Reserve Ins. Co.*, 96 Fed Rep. 796; *Mutual Life Ins. Co.* v. *Phinney*, 178 U. S. 327.

The plea of limitations was set up by the appellee's first plea. It applied to all the counts in the *narr*. To this the replication was, "That by the false and fraudulent conduct and deceit of the defendant, his right of action was not discovered until within a period of less than three years prior to the bringing of this suit. This replication was insufficient, in that it is not alleged that the fraud was not discovered and *could* not have been discovered with ordinary diligence within a period of three years prior to the bringing of the suit. *Wear* v. *Skinner*, 46 Md. 269.

Apart from this, upon the facts alleged in the appellee's rejoinder, the appellant was not kept in ignorance of his alleged cause of action by the fraud of the defendant and could have discovered it within three years by ordinary diligence. Inasmuch as the plea of limitations as set out by the appellee's plea went to the whole declaration including the four first counts, the Court committed no error in sustaining the demurrer to the declaration and the plea of limitations.

The appellant not having asked leave to plead over, the appellee, on motion was entitled to judgment on the pleadings.

*Judgment affirmed.*

(Decided January 9th, 1906.)