SLOCUM and another, Respondents, vs. NORTHWESTERN NA-- TIONAL LIFE INSURANCE COMPANY, Appellant.

*March 13—March 31, 1908.*

*Life insurance: Rescission by insurer: Beneficiary's rights.*

1. A beneficiary under a life insurance policy has no interest in the· premiums paid by the insured, and cannot sue to recover such premiums on an alleged wrongful rescission of the policy by the insurer.
2. While the right of a beneficiary under a life insurance policy is a vested one, it is in its nature a mere expectancy, subject to be defeated by the act of the insured, and will not entitle him to bring an action, during the insured's lifetime, for damages· caused by the alleged wrongful termination of the policy by the insurer.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The Northwestern Mutual Relief Association, duly incorporated in 1882 under the general laws of the state of Wisconsin, was reorganized and reincorporated on January 19, 1892, being authorized and empowered to insure and indemnify its members on the assessment plan of life insurance· against accident, old age, and death, and against either of them. In 1899, under the law providing for the incorporation of life insurance companies or associations upon the stipulated premium plan, this association availed itself of the powers granted by the law, and in the same year changed its corporate name to the *Northwestern National Life Insurance Company.* This association acted under the laws of Wisconsin, and was located at Madison, Wisconsin, and will hereafter be called the "Madison Company." On August 29, 1901, the Madison Company and the defendant, a Minnesota corporation of the same name, were consolidated, and the· defendant reinsured all of the members of the Madison Company, including one James Slocum, then a member in good

standing of the Madison Company. By this consolidation all of the assets and property of the Madison Company were transferred to the defendant and the Madison Company ceased to do business. In 1882, pursuant to his application, there was issued to James Slocum by the Madison Company a certificate of membership and a life insurance benefit, not exceeding the sum of $2,000. In March, 1901, James Slocum surrendered this certificate of membership to the Madison Company and received therefor a policy of insurance. By the conditions of the policy the Madison Company agreed to pay, within ninety days after the acceptance of satisfactory proof of the death of James Slocum, the sum of $2,000 to the beneficiary of the insured designated last on the back of the policy. This policy was granted in consideration of the payment of certain bimonthly premiums. The beneficiaries last designated on the back of the policy are the plaintiffs *Alva Slocum* and *Delia Mack,* respectively a son and daughter of James Slocum, the insured.

The complaint alleges what amount was to be paid as a premium by the insured and that, according to the terms and conditions of the policy, the insured paid or caused them to be paid to the Madison Company and the defendant until February 10, 1903. It is alleged that on this date he was ready, willing, and able to pay the sum due according to the terms of the policy and other agreements and contracts relating to it, but that the defendant company, by a public declaration on or about the 13th of November, 1902, and by notification of James Slocum on January 10 and February 10, 1903, stated that it had abandoned, repudiated, and rescinded the policy and contract of insurance. Under date of February 11, 1903, the defendant company informed *Delia Mack,* one of the plaintiffs and one of the beneficiaries last named on the back of the policy, that it would not carry out the policy unless the insured paid a larger premium, and that it would carry the insurance for only one year, that is,

during the current seventy-fifth year of James Slocum's life. It is alleged that *Alva Slocum,* last designated on the back of the policy as co-beneficiary with *Delia Mack,* and James Slocum, the insured, were informed of this notice and its contents. It is alleged that the articles of reorganization and reincorporation of the Madison Company provide that the rights of membership shall be subject to the articles of incorporation, that the rights of members are fixed and determined thereby, that the amount of the benefit is not to be reduced, and that the rates of assessment are to be graded according to the ages of the members at the time of their joining the corporation.

In November, 1906, James Slocum notified the defendant that he had paid all premiums and charges due from him to the defendant; that he and the plaintiffs, the beneficiaries last designated on the back of the policy, were not willing to pay premiums and charges under the terms and conditions upon which, under its by-laws, the defendant has insisted since November 13, 1902; that James Slocum was willing and able to pay all premiums and charges due under the terms of the policy; that they considered that the defendant had abandoned, broken, and rescinded the contract and policy of insurance; and that the plaintiffs in this action, therefore, demanded that the defendant pay them the damages accruing because of such abandonment and rescission. The damages demanded were $1,793.30. Defendant made no reply to this notice. Plaintiffs are the beneficiaries last designated on the back of the policy.

Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and on the further ground that there was a defect of parties in that James Slocum had an interest in the cause of action and was a necessary party to a complete determination of the questions involved.

This is an appeal from the order of the court overruling the

Slocum v. Northwestern Nat. L. Ins. Co. 135 Wis. 288.

demurrer on the ground that the termination and rescission of the contract by the defendant had terminated the policy, and that this operated to secure to plaintiffs the right to recover damages for injuries resulting therefrom.

For the appellant there was a brief by *Jones & Schubring,* attorneys, and *J. T. Baxter,* of counsel, and oral argument by *E. J. B. Schubring.*

*Frank E. Parkinson,* for the respondents.

SIEBECKER, J.  The allegations of the complaint are in effect that defendant without good cause renounced and terminated the insurance contract held by James Slocum, that plaintiffs are the last-named beneficiaries in the policy, and that they as such beneficiaries have suffered damage by reason of such wrongful termination of the policy.  The averments of the complaint do not clearly state whether plaintiffs treat the contract as rescinded and seek recovery upon such rescission of premiums paid and interest, as in *True v. Bankers' L. Asso.* 78 Wis. 287, 47 N. W. 520, or whether they seek recovery of damages, on the repudiation of the contract, for its breach, as was done in *Merrick v. N. W. Nat. L. Ins. Co.* 124 Wis. 221, 102 N. W. 593.  This uncertainty of the allegations, however, becomes immaterial under the controlling question raised by the general demurrer to the complaint.

Plaintiffs sue as the beneficiaries under the policy, and the question is, Have they, under the law of this state, such an interest in the policy as entitles them to recover damages for breach of the contract or the premiums paid, if there was a rescission of it?  It seems clear that plaintiffs have no interest whatever in the sums paid as premiums by the insured to secure a benefit to those entitled to the proceeds of the policy upon maturity.  Upon rescission of the contract by the parties all rights to the premiums paid by the insured are clearly vested in him.  *True v. Bankers' L. Asso., supra;*

*Supreme Council A. L. H. v. Black,* 123 Fed. 650; *Van. Werden v. Equitable L. Assur. Soc.* 99 Iowa, 621, 68 N. W. 892, and cases cited; *Lowell v. St. Louis Mut. L. Ins. Co.* 111 U. S. 264, 4 Sup. Ct. 390; *Knights Templar & M. L. Ind. Co. v. Gravett,* 49 Ill. App. 252; *Am. L. Ins. Co. v. Mc-Aden,* 109 Pa. St. 399, 1 Atl. 256.

The further inquiry then is, Have plaintiffs as beneficiaries of the policy such an interest in it that they can be deemed to have suffered legal damages from the breach of it by the defendant? In determining this question we cannot be aided by authorities of other states, because the rights of beneficiaries in an insurance policy under the law of this state differ materially from those in other states. In this state the right of the insured to dispose of the policy by assignment, will, or gift, without the consent of the beneficiaries, has been recognized from the time of the decision in *Clark v. Durand,* 12 Wis. 223, to the present day. *Rawson v. Milwaukee Mut. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378; *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948, and cases cited. As stated in the *Rawson Case:*

"This rule places the rights of the beneficiary under such a policy (if not a married woman) on almost identically the same basis as the rights of a beneficiary under a mutual benefit certificate. . . . In neither case can the beneficiary do anything which will prevent the insured from cutting off his rights entirely."

While such a right is a vested one it is in its nature a mere "expectancy," which is subject to be defeated by the act of the insured, and hence cannot be absolute and indefeasible until the death of the insured. The uncertainty of the beneficiary's interests, growing out of the contingencies incident to the power of the insured to thus deal with the policy, renders the rights and interests of the beneficiaries too hypothetical to be made the ground for damages for a breach of the contract. It is a mere expectancy of an unascertainable

value, and hence cannot be made the basis of a claim for damages. Under the law of this state the rights of the insured in such a contract are valuable property rights, and for a deprivation thereof the insured is entitled to recover the damages as for other wrongful deprivations of valuable property rights. In addition to cases cited above, the following authorities recognize this right and the consequent remedy for the recovery of damages for a wrongful invasion of it: *Krebs v. Security T. & L. Ins. Co.* 156 Fed. 294; *O'Neill v. Supreme Council A. L. H.* 70 N. J. Law, 410, 57 Atl. 463; *Price v. Mut. R. L. Ins. Co.* 102 Md. 683, 62 Atl. 1040; *Bower v. State,* 134 N. Y. 429, 31 N. E. 894.

Upon these considerations it must be held that the plaintiffs, as beneficiaries of the policy, suffered no legal damages by the alleged wrongful termination of it by the defendant, and the demurrer to the complaint should have been sustained.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to the lower court to enter an order sustaining the demurrer to the complaint, and for further proceedings according to law.