JONES, Respondent, vs. SUPREME COURT OF THE INDEPENDENT ORDER OF FORESTERS, Appellant.

*February 1—February 22, 1910.*

*Life insurance: Breach of contract: Pleading: Rescission: Action for damages: Parties.*

1. A complaint alleging that defendant life insurance company had notified an insured that it would not accept the assessment rate provided for in the insurance contract, but would demand a higher rate; alleging that the insured and the beneficiary had thereupon notified the company that they elected to consider such action of the company as an abandonment, repudiation, and breach of the contract and that they elected to rescind the contract and thereupon rescinded and abandoned it and that suit would be brought to recover damages for the breach; al-

leging damages because of such abandonment and repudiation
of the contract by defendant; and demanding recovery of such
damages—does not show a rescission of the contract, but states
a cause of action for the recovery of its value as the damages
occasioned by the breach.

2. The rights of the insured under a life insurance contract are val-
uable property rights, and invasion thereof by a breach of con-
tract gives him a cause of action for damages.    ·

3. Where the beneficiary in a life insurance contract is the assignee
of all rights accruing to the insured from a breach of contract,
she is the real party in interest and the only necessary party
plaintiff in an action for damages for such breach.

APPEAL from an order of the circuit court for Dane county:
E. RAY STEVENS, Circuit Judge.   *Affirmed.*

On August 2, 1893, Samuel T. Jones was admitted to mem-
bership in the defendant life insurance company and there
was issued to him its endowment certificate and contract of
insurance.    The insured was forty-five years old, and the con-
tract provided that he should pay $1.02 per month as the in-
surance assessment until he should be seventy years old, and
that the company would pay to his widow upon his death an
endowment benefit of $1,000.    The complaint in this action
alleges that the $1.02 was a fixed rate of assessment liability
due and payable by a member in the ordinary class, in which
Samuel T. Jones was and still continues to be, until he should
be seventy years of age.    The provisions of the contract re-
garding disability and old-age benefits and the payment of
small amounts to be used in the administration of the local
branch of the defendant company are irrelevant to the consid-
eration of the case before this court, and the details concern-
ing them will not be given.    The plaintiff is the wife of the
insured, the beneficiary named in the contract, and the as-
·signee of the rights of the insured in the contract.    Several
times during the year 1908 and preceding the 1st of October
the defendant notified the insured that after that date it would
no longer receive the assessment rate of $1.02 per month, but
that the monthly assessment rate thereafter would be $2.76.

On the last day of September, 1908, the insured, with the approval of the plaintiff, served a notice on the defendant that he was ready, able, and willing to pay all his rates and moneys of every nature and kind when due the defendant, but that he was not willing to pay any other or different or larger rate of assessment, and that he regarded the increase of the assessment rates as an abandonment and repudiation of his contract. On February 16, 1909, a notice signed by the plaintiff and the insured was served on the agent of the defendant. By this notice the plaintiff and the insured gave notice that they elected to consider that the raising of the assessment rate and the refusal to accept the old rate was an abandonment and a repudiation and breach of the endowment certificate and contract for membership and insurance and a refusal to carry out and perform the contract as agreed and promised; that they elected to rescind the endowment certificate and contract of membership and insurance; that they and each of them thereby rescinded and abandoned the endowment certificate and the contract of membership and insurance; and that suit would be brought by this plaintiff to recover her damages caused by the repudiation and abandonment of the contract by the defendant. Damages are alleged and demanded in this action because of the alleged action of abandonment and repudiation of the contract by the defendant in the sum of $603.49. This is an appeal from the order of the court overruling a general demurrer of the defendant to the complaint.

For the appellant the cause was submitted on the briefs of *Kreutzer, Bird, Rosenberry & Okoneski.* They contended that the complaint shows complete rescission of the contract between the parties, as a result of which neither party has any cause of action *upon the contract,* citing, among other cases, *Smeesters v. Schroeder,* 123 Wis. 116; *Merrick v. Northwestern Nat. L. Ins. Co.* 124 Wis. 221, 226; *School Dist. v. Hayne,* 46 Wis. 511, 515; *Urwan v. Northwestern Nat. L. Ins. Co.* 125 Wis. 349, 357, 361; *Charley v. Potthoff,* 118

Wis. 258, 263; *Graves v. White,* 87 N. Y. 463; *McKenna v. McKenna,* 118 Ill. App. 240; *Ralya v. E. C. Atkins & Co.* 157 Ind. 331, 61 N. E. 726; *Herpolsheimer v. Christopher,* 76 Neb. 352, 107 N. W. 382; *U. S. v. Behan,* 110 U. S. 338, 345.

*Frank E. Parkinson,* for the respondent.

SIEBECKER, J.    The trial court overruled the demurrer to the complaint upon the grounds that the plaintiff and her assignor, Samuel T. Jones, the insured under the endowment certificate, treated the insurance contract as breached by the defendant, that they had elected to consider the contract as ended, and that their acts in effect amounted to an election to stand on the breach and to enforce their claim for a recovery of the value of the contract as damages for the breach of the agreement by the defendant.    The appellant insists that the allegations of the complaint show that there was a rescission of the contract by the plaintiff and the insured following its alleged breach.    An inspection of the complaint indicates that the pleader employed language whereby he omitted to preserve the distinction between a complaint for damages arising from a breach of the policy, which is the value of the contract, and one for the damages based upon a rescission of the policy. The nature of the complaint must be ascertained from a consideration of all the facts alleged, since the aspect of the whole complaint controls its nature rather than any of the allegations, which may be somewhat vaguely and loosely stated and permit of different interpretations leading to inconsistent results.    The allegations of the defendant's repudiation and abandonment and of plaintiff's notice to the defendant electing to treat the contract as ended, and that plaintiff would claim damages for the breach, are controlling features of the transaction alleged, and the other matters pleaded must be interpreted in the light of these allegations and claims of the plaintiff.    In this view of the pleading we are of the opinion

that the complaint must be held to allege a cause of action against the defendant for the recovery of the value of the contract as the damages occasioned by the breach. It has been held that the rights of parties to a contract such as is alleged to have existed between the parties herein are valuable property rights, and that an invasion of the rights of the insured by a breach of the contract gives rise to a legal claim for the damages resulting therefrom. *Merrick v. N. W. Nat. L. Ins. Co.* 124 Wis. 221, 102 N. W. 593; *Slocum v. N. W. Nat. L. Ins. Co.* 135 Wis. 288, 115 N. W. 796.

The plaintiff avers that she is the assignee of all the rights and claims that may have accrued to the insured as a result of the alleged breach. She is therefore the only party in interest under the complaint.

*By the Court.*—The order appealed from is affirmed.