SUELFLOW, Respondent, vs. SUPREME LODGE, KNIGHTS AND
LADIES OF HONOR, Appellant.

*February 14—April 4, 1917.*

*Life insurance: Benefit certificate: Change of beneficiary: Married
women: Cancellation of certificate: Action by beneficiary.*

1. As to a fraternal benefit certificate issued prior to the enact-
   ment of ch. 376, Laws 1891 (amending sec. 2347, Stats.), that
   statute did not take away the vested right of the assured to
   change the beneficiary named, even though she was his wife;
   nor did sec. 3, ch. 175, Laws 1895 (sub. 5, sec. 1957, Stats.),
   change in any way the rights of the assured to deal with such
   a certificate.
2. Where the manner of making a change of beneficiaries is not
   prescribed in the benefit certificate nor in the constitution,
   by-laws, or regulations of the society, any definite designation
   of a different beneficiary will suffice.
3. When the beneficiary named in a fraternal benefit certificate
   had a mere expectancy of which she might at any time be de-
   prived by the act of the assured without her consent, she can-
   not during the life of the assured maintain an action for
   damages on the ground that the society has wrongfully can-
   celed the certificate.

APPEAL from a judgment of the circuit court for Milwau-
kee county: W. J. TURNER, Circuit Judge. *Reversed.*

Action by a beneficiary in a contract of insurance, made
by a fraternal insurance society with her husband, to recover
damages caused by an alleged wrongful cancellation thereof.

The situation, so far as necessary to an understanding of
the vital question on this appeal, was this:

The defendant is a fraternal insurance corporation of the
order of *Knights and Ladies of Honor,* organized under the
laws of the state of Indiana, without capital stock, for the
mutual benefit of the members of the society. Herman Suel-
flow, plaintiff's husband, became a member of the society by
joining the Milwaukee, Wisconsin, branch thereof, January
15, 1890, which was then under the jurisdiction of a Mis-

souri corporation of the order.   In due course and form, pursuant to his application, he received a benefit certificate, entitling his wife, the plaintiff, at his death, upon condition of his complying "with all the laws, rules and requirements relating to said relief fund, and the laws in general of the *Knights and Ladies of Honor*," to participate in the relief fund to the amount of one thousand dollars.   The society was dependent upon assessments upon the certificate holders for securing means to respond to calls for payment of contracts as they matured.   The constitution of the corporation rendered it competent for it to make a beneficiary certificate payable to "such member or members of the family of said deceased or to a person or persons dependent upon said deceased or related to him or her, as he or she may have directed."   There was no prohibition or regulation on the subject of changing the beneficiary.   On November 25, 1891, the defendant, a corporation of the same kind as the one which issued the certificate, for value, duly assumed all the obligations of the former and the relations between defendant and the assured became thereby, subject to his assent, the same as they were between him and the Missouri corporation. He consented to the change by making payments of assessments, in due course, and complying with two increases. January 1, 1910, a further increase of assessments was made, applicable to memberships in a different way than when the assured's certificate was issued or was then provided for. While formerly every member was rated for periodical assessments as of his age at the date of his application, under the new plan a member who entered the society after January 1, 1900, was rated as of the date of his entry, and all others as of their ages on said January 1st.   That changed the assured's rating from the basis at forty-eight to that at fifty-eight years of age and made the burden upon his membership materially greater than it would have been under the former method.   He tendered payment of assessments at his

previous rate, refusing to submit to the new order of things. The tender was refused and his membership and certificate treated as forfeited under the by-laws. If he were bound by the change which he so refused to submit to, he forfeited all rights under his certificate, otherwise not. The application for the certificate contained this:

"Compliance with all laws and regulations governing said fund now in force, or that may hereafter be enacted by said order . . . is the express condition and warranty upon which I am to be entitled to participate in its relief fund, as the constitution and laws of the order provide."

The assured was sixty-nine years of age and in such poor health as not to be an insurable risk, when his membership was canceled. He then had an expectancy of life of 9.15 years. He was alive when the action was commenced. Plaintiff then had possession of the certificate and sought to recover damages sustained by her through its cancellation.

The trial court held that the action was maintainable and assessed plaintiff damages at $1,000 and interest from the date the contract of insurance was breached.

For the appellant there was a brief by *Quarles, Spence & Quarles* of Milwaukee and *Ashcraft & Ashcraft* of Chicago, Illinois, attorneys, and *J. V. Quarles,* of counsel; and the cause was argued orally by *J. V. Quarles.*

For the respondent there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Henry H. Otjen.*

MARSHALL, J. The first question to be considered is whether respondent could properly maintain an action for damages during the lifetime of her husband, even if the contract of insurance were wrongfully canceled, as claimed. If not, then we need not go further and should not, since the assured is not a party to the action.

If respondent's interest in the contract of insurance was absolute—free from control of her husband to take it from

her without her consent—under sec. 2347, Stats., as the trial court evidently assumed and counsel for respondent contend, and it was wrongfully canceled, the case is ruled in her favor by *Merrick v. Northwestern Nat. L. Ins. Co.* 124 Wis. 221, 102 N. W. 593.    The court there dealt with an ordinary policy of life insurance taken out by a married man for the benefit of his wife, referring to such section as found in the Statutes of 1898, and saying in effect that, subject to the wife deceasing before her husband, the insurance was her sole and separate property free from the control or disposition of her husband, citing *Canterbury v. Northwestern Mut. L. Ins. Co.* 124 Wis. 169, 102 N. W. 1096.    It was upon that ground that the action by the wife, during the lifetime of her husband, for damages for the wrongful cancellation of the insurance was held maintainable.

If the interest of the respondent, in the contract of insurance, subject to the contingency of her predeceasing her husband, was not her sole and separate property, free from his control or disposition, so he was competent to defeat it without her consent by a change of beneficiary, then the case is ruled in favor of appellant by *Slocum v. Northwestern Nat. L. Ins. Co.* 135 Wis. 288, 115 N. W. 796.    The court there dealt with an ordinary policy of life insurance in which a person, other than the wife of the assured, was named as beneficiary, and held, citing *Rawson v. Milwaukee Mut. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378, that the interest of the beneficiary was a mere expectancy, which was "subject to be defeated· by the act of the insured, and hence cannot be absolute and indefeasible until the death of the insured;" that the "rights and interests.of the beneficiary [were] too hypothetical to be made the ground for damages for a breach of the contract."

In the *Rawson Case* the court dealt with a benefit certificate and held that, "except so far as the power is limited or taken away by sec. 2347, Stats. 1898, where a married woman

is the beneficiary" the assured may dispose of the policy in any manner he sees fit "not inconsistent with the terms of the policy, to the exclusion of the beneficiary named therein;" that "the interest of the beneficiary" in a mutual benefit certificate is no "less substantial than the interest of a beneficiary in an 'old line' policy, where the assured pays the premiums." Each (subject to sec. 2347, Stats.) "is subject to extinction by the act of the insured, and it may be said as reasonably of one as of the other that it may rightly be considered as a vested interest, subject to the right of the insured to divest it."

By the foregoing, *Foster v. Gile,* 50 Wis. 603, 7 N. W. 555, 8 N. W. 217, and other cases, it is the settled law of this state that one who procures a benefit certificate and makes the payments thereon, subject to the terms of the contract and the written law, may change the beneficiary named therein without such beneficiary's consent. The change, subject to some exceptions mentioned in *McGowan v. Supreme Court I. O. F.* 104 Wis. 173, 80 N. W. 603, must be made in the manner required by the contract and the rules of the association. *Faubel v. Eckhart,* 151 Wis. 155, 138 N. W. 615; *Preusser v. Supreme Hive L. O. T. M.* 123 Wis. 164, 101 N. W. 358; *Berg v. Damkoehler,* 112 Wis. 587, 88 N. W. 606; *Waldum v. Homstad,* 119 Wis. 312, 96 N. W. 806, and other cases are to the same effect.

We will now consider whether the right of the assured to deal with the benefit certificate in question, without the assent of the beneficiary, is affected by sec. 2347, Stats.

The certificate was issued in 1890. Then sec. 2347, S. & B. Ann. Stats., as regards insurance of the life of a person, made payable to a married woman, provided that "every such policy . . . shall inure to her separate use and benefit . . . and in case of her surviving the period or term of such policy, the amount of the insurance shall be payable to her . . . for her own use and benefit, free from the claims

of her husband," etc.    By ch: 376, Laws 1891, the section was so changed as to provide that the policy *"shall be the sole and separate property of such married woman,* and shall inure. to her separate use and benefit . . . and in case of her surviving the period or term of such policy, the amount of the insurance shall be payable to her . . . for her own use and benefit, free from *the control, disposition* or claims of her husband," etc.    The change, in terms,. was made to "apply to all insurance on lives effected before" the enactment.    It was such change which abrogated the judicial rule that a married woman beneficiary in a policy of life insurance has no interest therein during the life of the assured which he cannot take away by making some other person the beneficiary.    *Ellison v. Straw,* 116 Wis. 207, 92 N. W. 1094; *Canterbury v. Northwestern Mut. L. Ins. Co.* 124 Wis. 169, 102 N. W. 1096.    Policies issued prior to the act of 1891 were not. affected thereby, notwithstanding the legislative effort to the contrary.    The rights of the husband as to insurance effected before the change were valuable, vested property interests which the legislature could not take away. They were protected by constitutional safeguards, state and national.    *Boehmer v. Kalk,* 155 Wis. 156, 144 N. W. 182; *Northwestern Mut. L. Ins. Co. v. Adams,* 155 Wis. 335, 144 N. W. 1108.

It follows that sec. 2347 did not create any disability of the assured in this case to take away respondent's interest in the beneficiary certificate without her consent.    It does not cut any figure here as the cases referred to clearly indicate.

The reasons which render sec. 2347 immaterial apply to sub. 5, sec. 1957, Stats., which provides that "Any member may change the beneficiary named in his certificate or policy without the consent of such beneficiary, by complying with the by-laws of the society, order or association which issued the same."    That seems to have originated in 1895 by sec. 3,

ch. 175, of the laws of that year. Therefore it cannot be re-garded as having changed in any way the rights of the as-sured to deal with the particular certificate issued in 1890.

Now we have seen that the assured was competent to change the beneficiary without her consent. There was no written law to the contrary, and the unwritten law gave him such right, subject to the provisions of the insurance contract and the rules and regulations of the society which issued the certificate. There was no provision on the subject in the certificate, nor, so far as we can discover from the evidence, was the matter dealt with by the constitution, by-laws, or regulations of the society. The constitution provided for payment at maturity of the amount mentioned "to such mem-ber or members of the family of said deceased or to a person or persons dependent upon said deceased or related to him or her, as he or she may have directed." No particular manner of giving directions was mentioned. Of course, the direc-tion in the certificate would govern in the absence of any other.

There being no proof that the manner of making a change of beneficiaries was prescribed by the constitution, by-laws, or regulations of the corporation, it must be presumed that the assured was left to change the beneficiary within the designated class as he saw fit. *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948. It is elementary "that where no formalities are required, a change of beneficiaries can be made in any way indicating the intention of the member." 1 Bacon, Ben. Soc. (3d ed.) § 308*a,* and cases cited. The text, sup-ported by the authorities, contains this in effect: Where neither the constitution nor by-laws prescribe any formalities for a change of beneficiary, any definite designation of a dif-ferent beneficiary will suffice. It may be made by a paper signed by the member, expressing his intention and mailed to the society. "The disposal of the benefits may be made by

the mere direction of the insured." The subject is fully covered in *Masonic Ben. Asso. v. Bunch,* 109 Mo. 560, 19 S. W. 25.

From the foregoing it is considered that the respondent had no vested interest in the certificate which the assured could not control. She had a mere expectancy which could be taken from her by the act of the assured at any time during his life. Therefore the doctrine of *Merrick v. Northwestern Nat. L. Ins. Co.* 124 Wis. 221, 102 N. W. 593, does not apply and the case is ruled in favor of appellant by *Slocum v. Northwestern Nat. L. Ins. Co.* 135 Wis. 288, 115 N. W. 796. Respondent's right is a mere expectancy which she is liable to be deprived of by the act of the assured at any time. That mere expectancy is of such uncertain value as not to form a basis for any assessment of damages.

Thus the difficulty in this case disappears when it is appreciated that the policy of insurance in the *Merrick Case* was issued after sec. 2347, R. S. 1878, was amended by the act of 1891, disabling the assured in such cases from depriving a married woman beneficiary of her interest in an insurance policy without her consent, unless provided otherwise therein. *Christman v. Christman,* 163 Wis. 433, 157 N. W. 1099.

The result is that respondent had no right to maintain this action.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to dismiss the complaint with costs.