COMMISSIONERS OF THE TOWN OF GREENVILLE v. OLD DOMINION STEAMSHIP COMPANY.

*Pleadings—Evidence—Judge's Charge—Action to Recover Land.*

1. Pleadings are not evidence upon the trial of issues raised thereby, unless they are introduced for such purpose.

2. Where the Court instructed the jury that the plaintiffs had not offered sufficient evidence of possession to acquire title—the defendant having denied plaintiffs' title—and the case on appeal disclosed no such evidence : *Held,* not to be erroneous, although the defendant had, in its answer, deduced its title to a part of the land in controversy from the plaintiffs—the defendant having averred a good title in itself.

This was a CIVIL ACTION, which was tried before *Avery, J.,* at Spring Term, 1888, of PITT Superior Court.

The case is stated in the opinion.

*Mr. A. W. Haywood*, for the plaintiffs.
*Messrs. Rodman & Son* filed a brief for defendant.

SMITH, C. J. This action, begun on September 8th, 1882, is prosecuted to recover possession and damages for detaining the lot of land described in the complaint, the title and right to which is contested by the defendant company that claims itself to be the owner. The case sent up on the plaintiffs' appeal, singularly enough, shows the various deeds offered in support of the plaintiffs' title, with the accompanying explanatory evidence, and the defendant's exceptions thereto, with the rulings thereon complained of—none of which are before us on this, the plaintiffs' appeal, and no exceptions whatever to them.

Upon the hearing of the evidence at the trial upon the issues derived from the contesting claims of the parties, the Court being of opinion against the plaintiffs' ability to maintain their action, intimated that, as the first defence of the defendant raised the question of title and put the burden on plaintiffs of showing a title good against all the world, the burden would be upon the plaintiffs—as they relied on the Susannah Evans deed, and had offered no grant from the State—to show, not only that the Susannah Evans deed covered the *locus in quo*, but, also, that the plaintiffs had had open, notorious and continuous adverse possession of the *locus in quo* under that deed for twenty-one years.

The Court further stated that the jury would be instructed that the plaintiffs had offered no evidence of possession except the testimony of J. J. Cherry; that the Plank-road Company, at some time, received freights at a landing that extended west of Short street, but there was no evidence how long such acts of ownership continued, nor whether a wharf was constructed and such ownership exercised as would have

subjected that company to an action.    Plaintiffs submitted
to a non-suit and appealed.

The defendant relied upon his first defence, and insisted
that the plaintiffs had not shown title out of the State, and,
if he had done so, that the defendant and J. J. Perkins and
Greene had shown possession for more than seven years, and
it did not appear from what source Greene derived title.

The plaintiffs denied that the Greene deed to Perkins
covered the *locus in quo.*    The defendant contended that it
did include it.

The Judge stated that he would instruct the jury that there
was no evidence of possession under the Evans deed for a
sufficient period of time to divest title out of the State, and
none was shown, except in the testimony of J. J. Cherry.
Upon this point, aside from the direct statement of the Judge,.
we find none in the reported testimony, and, therefore, must
uphold the ruling, unless, as is argued here, there are admis-
sions in the answer that dispense with the necessity of such
proof.    It does not appear that the answer was read to the
jury as evidence in the cause, even if, upon an examination,
an admission of plaintiffs' title to the disputed lot would be
disclosed.    Unless it was so read, it furnished no evidence
on which the jury could act, and this should be made to
appear to enable us to determine upon the correctness of the
ruling.    *Adams* v. *Utley,* 87 N. C., 356; *Grey* v. *Manuel,* 89
N. C., 83; *Brooks* v. *Brooks,* 90 N. C., 142; *Smith* v. *Nimocks,*
94 N. C., 243.

But, if permitted to look into the pleadings to see what is
put in issue, it will be found that the defendant positively
denies the plaintiffs' title to the lot, contradicting the aver-
ment to that effect in the complaint, while in another form
of defence the answer concedes title to have been in the
plaintiff to land, of part of which the defendant was in pos-
session, yet deduces it thence to itself, so that, taking the
answer as a whole, it controverts the plaintiff's alleged own-

ership and declares that, it having once had it, it has, by conveyances, been transmitted to the defendant.

Further, the case comes before us upon an exception to the ruling that the plaintiffs have failed to show title out of the State by proving a supporting possession under the deeds for the required period to divest.

In this we find no error.

Affirmed.