PAGE v. LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed October 7, 1902.)

1. INSURANCE—*Premium—Payment—Evidence—Trial.*

The possession of a life insurance policy reciting that it should not be delivered till the payment of the first premium, is *prima facie* evidence of the payment thereof.

2. INSURANCE—*Premium—Payment—Burden of Proof.*

Where a defendant insurance company admits the execution of a life policy and the death of the assured, the burden of proving that the policy was not in force is on the defendant.

3. INSURANCE—*Executors and Administrators.*

The possession of a policy of life insurance authorizes the possessor to administer on the estate of the assured, a nonresident.

4. ADMISSIONS — *Pleadings — Evidence—Answer—Insurance—The Code, Sec. 268—Issues.*

Where an answer admits facts alleged in the complaint, such admissions may be considered by the trial court to determine whether the pleadings raise an issue, though the answer is not put in evidence.

ACTION by George Page, administrator of John Page, against the Life Insurance Company of Virginia, heard by Judge *W. S. O'B. Robinson* and a jury, at November Term, 1901, of the Superior Court of HARNETT County. From a judgment for the plaintiff, the defendant appealed.

*McLean & Clifford,* for the plaintiff.
*Stewart & Godwin,* for the defendant.

CLARK, J. This is an action upon a policy of life insurance. The answer admitted the execution of the policy and death of the assured prior to the falling due of the first renewal premium, but averred that the policy was not in force at his death, that no premium had been paid, and that the policy was procured by fraud and misrepresentation; that the as-

sured was a non-resident of the State and owned no property here, and hence that administration had not been legally taken out here. But all these were matters of defence, the burden of which was upon the defence.

The plaintiff introduced the policy, which recited on its face that it was not to be delivered till the first premium was paid. Its possession by the plaintiff was *prima facie* evidence of payment, like a receipt (*Whitley v. Ins. Co.,* 71 N. C., 480), subject to proof, if offered, to the contrary. *Ormond v. Ins. Co.,* 96 N. C., 158.

The defendant demurred to the evidence, which being overruled, it offered no evidence, and his Honor properly instructed the jury that if they believed the evidence to respond "Yes" to the issue, "Was the policy sued on in force at the death of the testator ?"

As to the last defence set up by the answer, the policy described the assured as a resident of the District of Columbia, but there was no evidence that the assured did not die in this State and leave property here, but if there had been, the possession of the policy authorized the plaintiff to take out administration here. *Shields v. Ins. Co.,* 119 N. C., 380; *Morefield v. Harris,* 126 N. C., at page 628.

The defendant insists that the answer not having been put in evidence, the admissions therein could not be considered, and relies upon *Smith v. Nimocks,* 94 N. C., 243; *Greenville v. Steamship Co.,* 104 N. C., 91, and cases there cited, and *Smith v. Smith,* 106 N. C., 498. Those cases hold that when issues are raised by allegation and denial in the pleadings, any other statements in the pleadings which might shake or controvert the allegations or denials of the party making such statements, are matters for the jury, like other declarations against interest, when put in evidence by the opposite party. But whether the pleadings raise an issue or not (The Code, Sec. 268), is a matter of law for the Court, and the

PERRY *v.* BANK.

Court rightly held that the answer admitted the execution of the policy. The jury did not have to pass upon that. The recitals in the policy put in evidence being *prima facie* evidence of the payment of the premium, and there being no evidence in support of the defences set up in the answer, there was no error in the instructions given.

No Error.