RALPH UREY v. SOUTHERN FIRE INSURANCE COMPANY.

(Filed 12 June, 1929.)

1. **Insurance H a—Five days notice necessary for cancellation of policy by insurer.**

   The provisions in the standard fire insurance policy requiring the insurer to give the insured five days previous written notice before it cancels the policy is for the protection of the insured and must be complied with by the insurer before it can make a valid cancellation.

2. **Insurance H b—Defense to action on policy that insured's agent canceled same must be proven by insurer.**

   Where the defense to an action to recover upon a fire insurance policy is that the policy was canceled by the plaintiff's agent the burden is on the defendant claiming it to show that plaintiff's agent so acted with the knowledge or authority of the plaintiff under the facts and circumstances of this case.

APPEAL by defendant from *Stack, J.,* and a jury, at February Term, 1929, of MECKLENBURG. No error.

This is an action by plaintiff against defendant to recover the sum of $1,500 on a fire insurance policy, dated 12 July, 1927, for one year, issued to him by defendant on his household goods destroyed by fire, in the city of Charlotte, on 10 December, 1927. Plaintiff contends that the policy, No. 18587, was issued by defendant through an insurance agent or broker, C. H. Williams, doing business in the city of Charlotte, and that plaintiff paid Williams the premium and he procured the policy from one Ernest Ellison, general agent of the defendant. That he had to obtain a permit to remove his household goods from the house to another in said locality and he had to get a permit. That he received said removal permit signed "by E. Todd" for defendant company, dated 15 September, 1927, and paid therefor the sum of $8.00, representing the higher rate applicable to the new location of the property covered under his policy of fire insurance.

The defendant admits it issued the policy to plaintiff through its duly authorized agent, Ernest Ellison, at the request of one C. H. Williams, acting for the plaintiff; that thereafter, to wit, on or about 15 October, 1927, the said plaintiff delivered up for cancellation to the said C. H. Williams said insurance policy, and said insurance policy, by the said C. H. Williams, agent for the plaintiff, was delivered up to the defendant's agent, Ernest Ellison, for cancellation, and was in due course by the said Ernest Ellison surrendered to this defendant and duly canceled. Defendant avers that the plaintiff never paid the premium upon said policy, and that the plaintiff voluntarily surrendered said

13—197

policy to the said C. H. Williams, his own agent, with instructions to cancel the same, and that the said policy was surrendered for cancellation by the plaintiff and his authorized agent, and was canceled, and thereupon became void.

The parties stipulated as follows: "It is agreed that prior to 12 July, 1927, the plaintiff applied to C. H. Williams for certain fire insurance on plaintiff's furniture; that the said C. H. Williams applied to Ernest Ellison, the local agent at Charlotte, of the Southern Fire Insurance Company, and that said Ellison as agent of the said company issued a certain policy of fire insurance, which policy was No. 18587 in the Southern Fire Insurance Company, said policy of insurance being in the standard form and covering the furniture described in the complaint and insuring said furniture for one year from 12 July, 1927, to 12 July, 1928; that, as stated, said policy of fire insurance was delivered by the said Ellison to the said Williams; that on or about 1 November, 1927, the said Williams delivered said policy of fire insurance to the said Ellison, and the said Ellison purported to cancel said policy of fire insurance, as of 15 October, 1927. It is admitted that said policy of fire insurance covered the furniture described in the complaint, and that the plaintiff has complied with the terms of said policy in reference to filing proof of loss and giving notice. It is further admitted that C. H. Williams was holding himself out in the city of Charlotte as an insurance agent at the time this policy was written, and that when said policy was purported to be canceled said C. H. Williams' name appeared on the face of said policy."

The issues submitted to the jury and their answers thereto, were as follows:

"1. Did the defendant issue to the plaintiff a policy of fire insurance in the sum of $1,500 on plaintiff's house furniture, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff, Ralph Urey, authorize the cancellation of the said policy described in the complaint? Answer: No.

"3. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,500."

The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*C. A. Cochran, F. A. McClenaghan and Stancill & Davis for plaintiff.*
*Brooks, Parker, Smith & Wharton, John M. Robinson and Hunter M. Jones for defendant.*

PER CURIAM. Plaintiff contends that he had paid the premium in full and that the policy was in force at the time of the fire and that he had

no notice that the defendant had attempted to cancel the policy, and that he had not authorized the cancellation. There was some evidence to sustain these contentions.

The defendant admits that the policy of insurance was a standard fire insurance policy and issued in plaintiff's name.

In *Dawson v. Insurance Co.*, 192 N. C., at p. 315, 316, it is said: "It is expressly stipulated in each policy, as required by statute (1) that 'this policy will be canceled at any time at the request of the insured,' and (2) that 'the policy may be canceled at any time by the company by giving to the insured five days written notice of cancellation.' No notice of intention to cancel, or of cancellation was given to the insured by the company. Clearly, therefore, if the attempted cancellation of the policies, on 30 April, 1923, was upon the initiative of the companies, or of their agent, acting for them, it was void. It did not release the companies from their obligations under the policies; they were in force, notwithstanding such attempted cancellation, on 2 June, 1923. No contract, valid in its conception, and unobjectionable in its terms, can be canceled, without the consent of all parties, who have acquired rights thereunder. *Trust Co. v. Insurance Co.*, 173 N. C., 558. The insured, when he accepted the policy, consented that the company might thereafter cancel the policy, upon giving him notice, in writing, of five days. This provision is manifestly for the protection of the insured. The right of the company to cancel the policy exists only because of the consent of the insured, given at the time of his acceptance of the policy and thereafter to be acted upon by the company only upon strict compliance by it with the terms upon which such consent was given."

The only material question we think involved in this controversy: Was there sufficient evidence to be submitted to the jury on the second issue? "Did the plaintiff Ralph Urey authorize the cancellation of the said policy described in the complaint?"

From a careful review of the evidence, unnecessary to set forth, we think the matter resolved itself into practically a question of fact between the plaintiff and one C. H. Williams, and certain facts and circumstances corroborating the plaintiff's contention. The jury has found with the plaintiff, and we do not feel justified, from the evidence, to say that it was not sufficient to have been submitted to them for their consideration. It is admitted that defendant did not give the plaintiff 5 days written notice required by the policy to cancel same. The jury has found on sufficient evidence that Williams had no authority and the policy was not canceled at plaintiff's request.

In Cooley's Brief on Insurance, (2 ed.), Vol. 5, p. 4634, speaking to the subject and citing a wealth of authorities, it is said: "One who is

authorized or employed to procure insurance does not thereby acquire any authority to cancel the policies after being procured."

The court below charged the jury: "The burden is upon the defendant to satisfy you by the greater weight of the evidence that the cancellation was authorized by Mr. Urey, the policyholder. The burden of proof is on the defendant to satisfy you that they did cancel the policy with his authority and consent." We think the charge correct under the facts and circumstances of this case. *Kendrick v. Mutual Ben. L. Ins. Co.,* 124 N. C., 315; *Page v. Insurance Co.,* 131 N. C., 115; *Roberta Mfg. Co. v. Royal Exch. Assur. Co.,* 161 N. C., 88.

It would seem that, under all the facts and circumstances of the case, just dealing would require notice, which the standard policy so wisely provides, to plaintiff of so important a matter as the cancellation of his insurance policy, but this is not for us. The jury has settled the disputed facts in plaintiff's favor. In the judgment of the court below, we find

No error.