MALITTA WEST v. THE PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY.

(Filed 15 June, 1936.)

**Insurance J b—Wrongful termination of contract by insurer does not
relieve insured from obligation to pay or tender payment of premiums.**

The beneficiary of a life certificate under a group policy may not re-
cover the amount thereof upon the death of the insured employee upon
the contention that the termination of the insurance by the insurer prior
to insured's death was wrongful, when it appears that insured, after
notice of termination by insurer. accepted his wages without deduction
for premiums for a period of nine consecutive months, and failed to
make protest or tender the premiums, it being incumbent on insured, even
if insurer's termination of the contract was wrongful, to keep the insur-
ance in force by paying, or offering to pay, the premiums called for in
his contract.

APPEAL by plaintiff from *Clement, J.,* at March Term, 1936, of
ROCKINGHAM. Affirmed.

Action by plaintiff beneficiary upon an insurance certificate issued
by defendant on the life of W. A. West, her husband, heard upon agreed
statement of facts.

It was admitted that on 14 May, 1930, upon execution of application
and "pay roll deduction authorization" by W. A. West, an employee of
Southern Railway Company, the defendant issued its policy of accident
and health insurance No. 1110601, and attached thereto Life Certificate
No. N. D. 19861 on the life of said W. A. West. The Life Certificate,
at the top, carried the words: "Issued in connection with Accident and
Health Policy No. 1110601."

The "pay roll deduction authorization" was in the following words:

"To Treasurer, Southern Railway Company, and/or its affiliated
companies:

"Having made application for Accident and Health Insurance under
the Southern Railway and/or its affiliated companies Employees Group
Accident and Health Plan, I hereby authorize you to deduct from my
wages which may be earned in the month of June, 1930, $3.35 (deduc-
tion covering one month's premium), and $3.35 per month each month
thereafter during the life of such insurance, and to apply each deduc-
tion in payment of premiums for accident and health insurance issued
to me by the Provident Life and Accident Insurance Company of Chat-
tanooga, Tenn. (Signed) W. A. West."

Pursuant to said pay roll deduction authorization, the Southern Rail-
way Company paid for W. A. West to the defendant all premiums
necessary to keep said insurance in force to June 1, 1934. No payments

on premiums were made by insured except by means of said deduction authorization.

On 24 May, 1934, the defendant wrote the Southern Railway paymaster that the W. A. West Policy No. 1110601 was "to be terminated upon payment of May premium installment," and no further deductions on defendant's account were to be made. After 1 June, 1934, all wages which W. A. West earned, including all sums which had heretofore been deducted and remitted to defendant to cover premiums on said insurance, were paid to and received by W. A. West from the Southern Railway Company.

On 28 May defendant wrote the insured W. A. West as follows:

"Mr. W. A. West,
"Reidsville, N. C.

"Dear Sir:—In connection with your recent claim, we find that you are now employed as section laborer, which is different to the work you were performing at the time you first secured your Provident policy. Therefore, in accordance with its conditions and provisions, this is notice that the same will not be renewed or continued in force after next anniversary date June 1st. However, we shall be glad to consider issuing you a new policy at that time for a principal sum of $500.00 and $20.00 monthly accident and health indemnity, together with a $500.00 Natural Death certificate.

"If you have no disposition to make application for the new policy, but desire to convert your Natural Death Certificate No. 19861 to a policy of ordinary life insurance of a like amount, then we will be glad to consider doing so, if you will make application for such conversion within 30 days from June 1st. The premium on the new policy will be higher than you are paying under the Certificate."

To the letter to him W. A. West wrote the defendant to its home office on 11 June, 1934, referring to policy No. 1110601, and denied there had been any change in the character of his work. W. A. West did not, subsequent to 1 June, 1934, make application to defendant for the conversion of Certificate 19861 into an ordinary life policy, as allowed under the Certificate.

On 21 February, 1935, the said W. A. West died. Payment of the insurance was refused on the ground that at the time of the death of W. A. West the insurance was not in force.

The Accident and Health Insurance Policy No. 1110601 contained the provision that "the company may cancel this policy at any time by written notice delivered to the insured, or mailed to his last address." And the Life Certificate attached to the said policy provided: "In the

event of the cancellation of the Accident and Health Policy in connection with which this certificate is issued, the insured shall be entitled to have issued by the company, without medical examination, . . . a policy of Ordinary Life Insurance in equal amount."

From judgment of nonsuit, the plaintiff appealed.

*W. R. Dalton for plaintiff.*
*Brown & Trotter for defendant.*

DEVIN, J. The plaintiff challenges the correctness of the judgment on the ground that the Life Certificate issued by defendant on the life of W. A. West and attached to the accident and health insurance policy was a separate contract of insurance on the life of the insured, and that in the certificate, as distinguished from the policy, there is no right to cancel reserved by the defendant; that, at most, an option is therein extended to the insured to have a policy of ordinary life insurance issued him by the company.

But, without deciding whether the contract of insurance issued in this case by the defendant was indivisible or consisted of two separable contracts, the nonsuit must be sustained upon another ground.

The Life Certificate, under which plaintiff claims, obligated the insured to pay on the first day of each month a monthly premium of sixty cents. It is admitted that nine consecutive monthly premiums were unpaid at the time of the death of the insured, and that after due notice from the defendant of the termination of the accident and health policy, including the Life Certificate, and cessation of pay roll deductions for the payment of premiums, the insured raised no objection, offered no protest, made no payments, and neither tendered nor offered a single monthly premium during his life, but, on the contrary, received his wages undiminished by any deductions.

Even if the defendant wrongfully terminated the insurance, that did not relieve the insured, if he desired to insist on its continuance, from his obligation to pay, or offer to pay, the premiums called for in his contract.

In *Trust Co. v. Ins. Co.*, 173 N. C., 558, it was held that if the insurer refused to perform its part of the contract, and so notified the insured, three remedies were given the latter:

"(1) He may elect to consider the policy at an end and recover its value. (2) He may sue to have the policy declared in force. (3) He may tender the premiums and treat the policy as in force and recover the amount payable on it at maturity."

"A party to a contract cannot maintain an action for its breach without averring and proving performance of his own antecedent obligations

or some legal excuse for nonperformance." *Wade v. Lutterloh,* 196 N. C., 116; *Edgerton v. Taylor,* 184 N. C., 571; *Supply Co. v. Roofing Co.,* 160 N. C., 443; *Ducker v. Cochrane,* 92 N. C., 597.

In *Whitmire v. Insurance Co.,* 205 N. C., 101, this Court had under consideration a policy of accident and health insurance issued by this same defendant. There the policy had been canceled in accordance with its terms. In the opinion of the Court, written by *Stacy, C. J.,* we find these words: "The plaintiff (the insured) did not reply to this letter, but received, without protest, his October earnings without any premium deduction."

Judgment affirmed.