OF

# NORTH CAROLINA

AT

# RALEIGH

---

## SPRING TERM, 1944

---

JOHN H. ABRAMS v. METROPOLITAN LIFE INSURANCE CO.

(Filed 1 March, 1944.)

**1. Appeal and Error § 48—**

No case should be reheard on a petition to rehear unless it was decided hastily and some material point had been overlooked or some direct authority was not called to the attention of the court.

**2. Same—**

On petition to rehear the petitioner will not be permitted to shift his ground and take a different position from that upon which the case was originally tried and heard.

**3. Insurance § 32a—**

If the defendant wrongfully terminated or canceled the policy of insurance, as may be inferred from the evidence in this record, it was in derogation of the plaintiff's rights.

DENNY, J., concurring.
BARNHILL, J., dissenting.

PETITION by defendant to rehear this case, reported in 223 N. C., 500.

*Smith, Wharton & Jordan and Battle, Winslow & Merrell for defendant, petitioner.*

*H. D. Hardison and Henry C. Bourne for plaintiff, respondent.*

1—224

STACY, C. J.  The case was brought back because of an alleged inadvertence or misapprehension of the record as it relates to the second cause of action.  It is contended that no evidence was offered by the plaintiff to show a cancellation of the policy.

It was said on the original hearing that the complaint states a cause of action for wrongful cancellation, which is consistent with the cause of action on the policy, as both are in affirmance of the contract, and a new trial was granted, limited to this alleged breach of plaintiff's contractual rights.  *Trust Co. v. Ins. Co.,* 173 N. C., 558, 92 S. E., 706; 29 Am. Jur., 286.  The case was tried on both causes of action, and there was no objection or challenge to the joinder of the two causes in the same complaint.

The defendant alleges in its answer that the policy lapsed "for the nonpayment of the premium due July 27, 1939"; that the cash surrender value of the policy "at said time", was $1.86 over and above a loan then existing against the policy, and "a check in said amount of $1.86 was drawn payable to the insured . . . and mailed to him, but said check has never been cashed."  Defendant further alleges in its answer "that it is due and owing the plaintiff the sum of $7.00," and tenders judgment in this amount.

The plaintiff testified that he tendered the defendant's agent the quarterly premium "due August 27, 1939, within the grace period," which he refused to accept, "and stated as his reason that the policy had been lapsed for the nonpayment of the premium due July 27, 1939."  See *McAden v. Craig* (5th syllabus), 222 N. C., 497, 24 S. E. (2d), 1.  Plaintiff further testified that "he has never received any notice whatever of the lapse of the policy nor has he ever received any premium notices."  See G. S., 58-207 (C. S., 6465).

The defendant's local agent testified that he saw the plaintiff on 27 August, 1939, "the last day of grace according to the policy as I understood it. . . . I told him if the policy (premium) wasn't paid that day the grace expired and it would require a certified form before I could collect any money on the policy. . . . I told him the grace would expire that day."  Cross-examination: "The last day of grace was the 27th of August, according to my receipts. . . . My receipts are made up at the home office. . . . The 27th day of August is the date the premium would be due under the terms of the policy, and he would have thirty-one days thereafter in which to pay it."  Thus the defendant's agent admits that he was misinformed and that he misled the plaintiff.

If the defendant wrongfully terminated or canceled the policy, as may be inferred from the above evidence, it was in derogation of plaintiff's rights.  *Aiken v. Ins. Co.,* 173 N. C., 400, 92 S. E., 184.  The home office made up the agent's receipts, and even in the answer, filed 21 October,

1942, the due date of the premium is alleged to be "July 27, 1939." The trial court held, as a matter of law, that the third quarterly premium was due on 27 August of each year, and that the period of grace, in which it could be paid, extended it in each instance for 31 days thereafter. The issue appears to be one for the jury.

It is urged, however, that the plaintiff does not rely upon his allegation of wrongful cancellation, either in his original brief or in his brief on rehearing. His first exception is to the refusal of the court to submit the issues tendered, including the 4th, which relates to the alleged wrongful cancellation of the policy. See issues set out on original hearing, 223 N. C., 501. In his brief on rehearing, the plaintiff says: "The plaintiff offered evidence on both grounds (tender and wrongful cancellation) and tendered issues on both grounds. The trial court submitted the issue on tender, but refused to submit the issue on wrongful cancellation."

This would seem to dispose of the question, certainly so far as a reversal on petition to rehear is concerned. "No case should be reheard on a petition to rehear unless it was decided hastily and some material point had been overlooked or some direct authority was not called to the attention of the court." *Weathers v. Borders,* 124 N. C., 610, 32 S. E., 881; *Weston v. Lumber Co.,* 168 N. C., 98, 83 S. E., 693; *Jolley v. Tel. Co.,* 205 N. C., 108, 170 S. E., 145.

In the petition to rehear, the defendant for the first time takes the position that the plaintiff can sue only on the contract and not for its breach; that the insured and not the beneficiary has such a cause of action. See *Wooten v. Odd Fellows,* 176 N. C., 52, 96 S. E., 654, and *Gorrell v. Water Supply Co.* (1st syllabus), 124 N. C., 328, 32 S. E., 720. This is a shift in position which is not permitted on rehearing. *Holland v. Dulin,* 206 N. C., 211, 173 S. E., 310; *Jolley v. Tel. Co., supra.* Moreover, the record supports the plaintiff's right to pursue the matter of an alleged wrongful cancellation. 48 A. L. R., 109.

We adhere to the original decision.

Petition dismissed.

DENNY, J., concurring: The opinion disposes of the questions properly presented upon the petition to rehear, but, in view of the position taken in the dissenting opinion, I deem it not improper to discuss the extraneous questions raised.

It is true that no specific issue of damages for breach of the insurance contract was tendered by the plaintiff, but an issue based on the alleged wrongful cancellation of the policy was tendered and its submission to the jury refused by the trial judge. It was held in the original opinion, reported in 223 N. C., 500, 27 S. E. (2d), 148, that this was error, and

the majority opinion adheres to the original decision. The issues tendered by the plaintiff were intended and were sufficient to cover· both phases of the case.

In the dissenting opinion it is stated: "The original opinion assumes that the complaint states, and plaintiff relies upon, two causes of action. In this I think there is error." In the trial below the defendant made no such contention, and, as stated in the majority opinion, "the case was tried on both causes of action and there was no objection or challenge to the joinder of the two causes of action in the same complaint."

Plaintiff's right to bring an action for breach of the insurance contract is challenged on the following grounds: (1) plaintiff had no vested interest in the policy during the life of the insured because the right to change the beneficiary was reserved by the insured; (2) there is no contract relation between the plaintiff and the defendant; and (3) the policy being canceled and the contract terminated during the life of the insured, the beneficiary loses any contingent interest he may have had; for his rights, if any, are predicated upon the existence of the contract.

In the first place, the challenge comes too late, none of these questions were raised in the trial below or before this Court when the case was here on appeal, they are raised for the first time in the brief on rehearing. In the case of *Gorham v. Ins. Co.,* 214 N. C., 526, 200 S. E., 5, it was held: "The rule is, that an appeal *ex necessitate* follows the theory of the trial. *Dent v. Mica Co.,* 212 N. C., 241, 193 S. E., 165; *Keith v. Gregg,* 210 N. C., 802, 188 S. E., 849; *In re Parker,* 209 N. C., 693, 184 S. E., 532. Having tried the case upon one theory, the law will not permit the defendant to change its position, or 'to swap horses between courts in order to get a better mount in the Supreme Court.' *Weil v. Herring,* 207 N. C., 6, 175 S. E., 836; *Holland v. Dulin,* 206 N. C., 211, 173 S. E., 310. 'The theory upon which a case is tried must prevail in considering the appeal, and in interpreting a record and in determining the validity of exceptions'—*Brogden, J.,* in *Potts v. Ins. Co.,* 206 N. C., 257, 174 S. E., 123." See also *Gorham v. Ins. Co.,* 215 N. C., 195, 1 S. E. (2d), 569.

In the second place, I do not concede that plaintiff's interest was contingent and that he could not have brought an action during the life of the insured, in the light of the facts disclosed on this record: (1) The right to change the beneficiary was a restricted one. The policy states, "The right on the part of the insured to change the beneficiary, in the manner hereafter prescribed, is reserved." The record does not disclose the manner provided for changing the beneficiary; (2) at the time of the lapse, or wrongful cancellation, of the policy, the insured had been adjudged *non compos mentis* and committed to the State Hospital for the Insane, and was incapable of changing the beneficiary; and (3) the

beneficiary in this policy had furnished the consideration money of the contract.

*Justice Walker,* in speaking for the Court in the case of *Wooten v. Order of Odd Fellows,* 176 N. C., 52, 96 S. E., 654, said: "The general rule is that the right of a policy of insurance, at least to one of the ordinary character, and to the money which may become due under it, vests immediately, upon its being issued, in the person who is named in it as beneficiary, and that this interest, being vested, cannot be transferred by the insured to any other person (*Central National Bank v. Hume,* 128 U. S., 195) without his consent. This does not hold true, however, when the contract of insurance provides for a change of the beneficiary by the insured, or such a right arises in some other way, for in such a case the right of the beneficiary vests conditionally only, and is subject to be defeated by the terms of the very contract, or instrument, which created it, and is destroyed by the execution of the reserved power. These principles, we take it, are well settled by the highest authority and great weight of judicial opinion. 4 Cooley's Briefs on the Law of Insurance, par. 3762-3772; *Nally v. Nally,* 74 Ga., 669; *McGowan v. Supreme Court of Ind. Order of Foresters,* 104 Wis., 173; *Shoenan v. Grand Lodge,* 85 Minn., 349; *Sanburn v. Black,* 67 N. H., 537; *St. L. Police Relief Assc. v. Strode,* 103 Mo. App., 694; *Luhrs v. Luhrs,* 123 N. Y., 367; *Donnelly v. Burnham,* 86 App. Div. (N. Y.), by Hun., p. 226 (Aff. in same case, 177 N. Y., 546); *Hancock Mutual L. Ins. Co. v. White,* 20 R. I., 457."

In this jurisdiction where one not a party or privy to a contract, but who is a beneficiary thereof, and furnishes the consideration money of the contract, such beneficiary is entitled to maintain an action for its breach. Whatever the law may be elsewhere, this Court, in the leading case of *Gorrell v. Water Supply Co.,* 124 N. C., 328, 32 S. E., 720, laid down the above principle of law, which has been adhered to for more than half a century. The plaintiff had a vested interest in the policy prior to the death of the insured.

In 29 Amer. Jur., sec. 313, p. 286, it is said: "It is generally held that a beneficiary who has a vested interest in a policy may protect his rights and has a cause of action for damages in case of the wrongful cancellation or repudiation of the insurance contract by the insurer, but a beneficiary who has no vested interest cannot maintain such a suit. *Vicars v. Mutual Ben. Health & Acci. Asso.,* 259 Ky., 13, 81 S. W. (2d), 874, citing R. C. L., 124 Wis., 221, 102 N. W., 593, 109 Am. St. Rep., 931."

Notwithstanding the uncontradicted evidence that over a period of twelve years and six months, the defendant collected fifty quarterly premiums, of $9.46 each, from the plaintiff, beneficiary, in this policy, the dissenting opinion states: "The defendant was under no legal obliga-

tion to give plaintiff notice of premiums. It was its duty to notify the insured. That plaintiff received no notice is no indication that notices were not duly mailed, as required by statute—C. S., 6465; G. S., 58-207." I think the long course of dealing between the plaintiff and the defendant, the fact that the beneficiary held the policy, together with the admission by the defendant that it knew the insured was insane, necessitated notice to plaintiff as required by law.

The question as to whether or not a notice was sent to the plaintiff or the insured, is now settled. The defendant admits, for the first time, in its brief on rehearing, that "The defendant sent no notice complying with the statute of the premium due August 27, 1939." It still contends, however, that plaintiff does not know whether the policy was wrongfully canceled or not, since it has not seen fit to disclose the date of its action in that respect. The defendant states in its petition to rehear: "It does not appear from the statement in the further answer, even if it had been introduced, whether the defendant's act of mailing check took place during or after the grace period figured from August 27, 1939, or even whether it took place within or after the year's extension of the grace period, granted by C. S., 6465."

An insurance company will not be permitted to admit the execution of a policy of life insurance and the death of the insured and merely deny the policy was in force at the time of the death of the insured, unless it elects to run the risk of an adverse verdict. *Urey v. Ins. Co.,* 197 N. C., 385, 148 S. E., 432. The burden of proving the policy was not in force at the time of the death of the insured is on the defendant. *Page v. Ins. Co.,* 131 N. C., 115, 42 S. E., 543. This is in conformity with the rule laid down in 25 Cyc., 927, which is as follows: "Ordinarily, where the company pleads the failure to pay premiums or assessments, the burden is on it to prove such failure. And if a statute requires service of notice by the company on the insured before a forfeiture can be declared, the company has the burden of proving the service of such notice."

The case of *West v. Ins. Co.,* 210 N. C., 234, 186 S. E., 262, is not in point.

It is conceded that when a policy is wrongfully canceled by an insurance company, if the insured desires to insist upon reinstatement and continuance, he must pay or offer to pay the premium called for in the contract. But, suppose a policy is wrongfully canceled and the insured does not tender the premium or request reinstatement of the insurance contract. Is he to be denied redress for the injury he has sustained by reason of the wrongful cancellation of the policy? Such is not the law. The original opinion and the opinion dismissing the petition to rehear, do not undertake to pass upon the merits of this controversy, further than to say the plaintiff, under the facts presented, is entitled to have a

jury pass upon the question as to whether or not the company did wrongfully cancel the policy. If it did so, the plaintiff is entitled to recover the damages he has sustained by reason of the breach; if not, the defendant will be absolved from any liability arising out of the alleged breach. Likewise, whether or not the plaintiff has performed his own antecedent obligations to the insurance company as required, in order to prevail on the issue of wrongful cancellation, is now a matter of proof. This Court has decided only that he shall be given an opportunity to present his case, based on alleged wrongful cancellation, to the twelve.

I do not think the other authorities cited in the dissenting opinion are authoritative, when considered in relation to the facts and questions presented on the record in this case.

BARNHILL, J., dissenting: The original opinion assumes that the complaint states and plaintiff relies upon two causes of action. In this I think there is error. At least, the plaintiff has never so contended either in his original brief or in his brief on rehearing.

The plaintiff alleges, in substance, that the defendant attempted to lapse said policy for the nonpayment of premiums, but that he duly tendered the premium and thus kept the policy in full force and effect. He admits in his brief (on rehearing) that while the insured might have sued for breach, he, the beneficiary, can sue only on the policy. He seeks no damages. He tendered no issue of damages for breach. The only issue he tendered as to the amount due is, "by reason of said policy of insurance." Thus it appears he states and relies on only one cause of action. This is on the policy and not for breach thereof.

Even if there are two causes of action, the issues submitted are sufficiently determinative. In the absence of allegation and proof of fraud, *Combs v. Ins. Co.,* 181 N. C., 218, 106 S. E., 826, payment or tender of premium is essential to a cause of action for breach.

This Court, in *West v. Ins. Co.,* 210 N. C., 234, at page 236, said:

"Even if the defendant wrongfully terminated the insurance, that did not relieve the insured, if he desired to insist on its continuance, from his obligation to pay or offer to pay the premiums called for in his contract. . . .

"A party to a contract cannot maintain an action for its breach without averring and proving performance of his own antecedent obligations or some legal excuse for nonperformance."

Without undertaking to cite the cases, it is sufficient to say that this statement is sustained by authorities from other States which hold that the insured is not relieved from the duty to tender premiums by notice of lapse or unlawful forfeiture unless the company refuses to accept the premium or gives notice that it will not accept if tendered.

The allegation of tender has been litigated and decided adversely to plaintiff. This Court has affirmed. He is bound by that verdict.

It may be that if the plaintiff had been misled by the statement of the agent that August 27 was the last day of grace he might have relief under the *Combs case, supra,* even though he never tendered any premium. But such is not the case. He looked at his policy and decided that the premium was payable in August and he could pay in September. He was not deceived. He knew his rights. Yet he stood by for more than two years without action and defaulted in the payment of nine several premiums.

Furthermore, the plaintiff is beneficiary in the policy at the will of the insured. No rights could accrue to him until or unless the insured died without having first changed the beneficiary. Hence, he can have no right of action for breach of the policy during the life of the insured.

The policy in question was issued on the life of Joe Ellis. It was an endowment policy payable at maturity to the insured. It provides, however, that if the insured should die before the maturity of the policy then the proceeds of the policy are to be paid to the plaintiff. But the insured reserved the right to change the beneficiary.

Thus there is no contract relation between plaintiff and defendant, and plaintiff, during the life of the insured, had no vested interest in the policy. His right accrued only in the event there was a valid policy in full force and effect at the time of the death of the insured. Defendant owes him, if it owes him at all, by reason of the fact it promised the insured to pay.

It is true that Abrams alleges and offered evidence tending to show that he paid the premiums; but he does not make any attempt to prove that he applied for and obtained the policy or that there was any agreement or understanding that he should assume the position or discharge the obligations of the insured under the policy. On this record he merely volunteered to make some or all of the payments. This does not change his status as beneficiary.

A policy of insurance is a contract between the insurer and the insured. *Trust Co. v. Ins. Co.,* 173 N. C., 558, 92 S. E., 706; *Rothschild v. Insurance Co.,* 74 Mo., 41. Upon a breach thereof by the insurer we must look to the policy to ascertain who is the injured party and in whom a cause of action vests by virtue of the breach.

When the insurer wrongfully cancels, repudiates, or terminates a policy three optional remedies immediately accrue to the insured: (1) he may elect to consider the policy at an end—that is, he may recognize the breach and recover its just value; or (2) he may sue in equity to have the policy declared in force; or (3) he may *tender the premiums* and treat the policy as in force. *Trust Co. v. Ins. Co., supra; West v.*

*Ins. Co.,* 210 N. C., 234, 186 S. E., 263; Anno. 48 A. L. R., 107. If he follows the latter course then at his death the policy is enforceable as a subsisting contract.

Thus the right of action for a breach, if the insured elects to recognize the breach, vests in the insured and not in the beneficiary. This is admitted in plaintiff's brief. Upon the death of the insured the vested right of action passes to the administrator. The policy being canceled and the contract terminated, the beneficiary loses any contingent interest he may have had; for his rights, if any, are predicated upon the existence of the contract.

The beneficiary may sue only on the policy after the death of the insured. To recover he must show that there was an outstanding policy of insurance in full force and effect at the time of the death of the insured, and that he was the then named beneficiary in the policy. "The insured could have brought an action for damages. . . . The plaintiff could only wait until the death of the insured and bring his action on the policy." (Plaintiff's brief.) Hence, when there is a wrongful lapse his rights are preserved and he may sue only in the event the insured elects to adopt the third remedy, and this is predicated upon *a tender of the premiums.*

On this cause of action plaintiff has had his day in court and lost. The jury found there was no tender of premium and that verdict has been affirmed. That fact is fully adjudicated. Now, having asserted that the policy was in force and lost, he is permitted to assume the role of the insured and attempt to recover damages for the wrongful breach. In my opinion no such cause of action vests in him. *Slocum v. Northwestern Nat. L. Ins. Co.,* 135 Wis., 288, 115 N. W., 796; *Mutual Relief Asso. v. Ray,* 173 Ark., 9, 292 S. W., 396.

But, conceding *arguendo* that plaintiff may sue for breach, there is no sufficient evidence to support the issue tendered and rejected.

The plaintiff relies on certain items of evidence as follows: (1) On the due date of the premium payable 27 August, 1939, the agent told him that was the last day of grace; (2) he tendered the premium before the expiration of the due date and it was refused, the agent stating at the time that the policy had lapsed for failure to pay the premium 27 July, 1939; (3) he received no notice of premiums; and (4) the defendant admits in its answer facts which constitute a wrongful cancellation.

(1) The agent told plaintiff on 27 August, 1939, that the period of grace for paying the current premium would expire that day. About this there is no controversy. Both he and the agent so testified. It is likewise true that under the terms of the policy 27 August was the due date and he had thirty-one days thereafter within which to pay.

The mere statement of the agent that the time of payment was about to expire did not constitute a lapse. He had no authority to cancel. Plaintiff admits that the defendant never notified him of any cancellation and, as heretofore stated, he was not misled.

(3) The defendant was under no legal obligation to give plaintiff notice of premiums. It was its duty to notify the insured. That plaintiff received no notice is no indication that notices were not duly mailed as required by statute. C. S., 6465; G. S., 58-207, has no application here. Even if applicable, however, the statute does not relieve of the duty to pay or to tender the premium. It merely extends the time within which the payments may be made. Giving the plaintiff the full benefit of this statute, no premiums have been paid within the time required as extended by the statute. The last payment was made May, 1939. The deceased died in October, 1941—more than two years thereafter.

(4) The alleged admission in the answer is an affirmative allegation of fact. The plaintiff did not offer it in evidence, as he had a right to do. Even so, considering it as an admission, it does not admit a wrongful cancellation. The defendant wrote the insured "upon the lapse of said policy for the nonpayment of the premium due July 27, 1939." Was this after the grace period had expired or after the extended grace period granted by statute? G. S., 58-207. Had the policy in fact lapsed at the time the letter was written? The answers to these questions do not appear in the evidence. The burden was on the plaintiff, and we should not assume that the letter was written prior to the time the policy in fact lapsed by virtue of its self-operating provisions. Anno. 8 A. L. R., 398.

It may be that the plaintiff could have made out a case for the jury, but he offered no evidence of payment, and the jury has found that he made no tender. The other evidence, in my opinion, is insufficient to support the issue which the court declined to submit.

I do not consider that *Aiken v. Ins. Co.*, 173 N. C., 400, 92 S. E., 184, is in point here. It clearly appears in that case that the insured pursued the third remedy above cited and thus kept the policy alive. Surely, under such circumstances, the beneficiary had the right to maintain her action.

There are a number of cases in this and other jurisdictions in which the action by a beneficiary at the will of the insured is referred to as an action for breach of contract. A careful examination of the facts in these cases, however, will disclose that in each instance the insured, as in the *Aiken case, supra,* had kept the policy alive and in force by the tender of premiums. The suits, in fact, were on the policies and recovery was had thereunder.

The case comes to this: the company insured for a specified period—three months—and agreed to extend the insurance for a like period upon the payment of the stipulated premium. In order to obtain the periodic extensions the positive duty rested upon the insured to pay or to tender the premiums. Plaintiff offered no evidence of payment, and the jury has found that he made no tender. More than two years elapsed between the payment of the last premium and the death of the insured. At the time of his death nine premiums were in default. Whatever the rights of the insured may have been, it is clear to my mind that he failed to keep the policy alive and there is now no subsisting contract upon which the plaintiff, the beneficiary, may maintain an action.

Of course plaintiff contends he offered evidence of wrongful cancellation and tender of premium. Having admitted that no premium has been paid since 27 May, 1939, his counsel correctly conceive that it is necessary for plaintiff to prove both in justification of nonpayment and to show that the policy was kept alive. This is essential to make out a case in his action on the policy—the third remedy listed in *Trust Co. v. Ins. Co., supra*. This is the theory he has pursued from the beginning.

Even now, he in his brief on rehearing does not adopt the view that he has proceeded or can proceed for breach of contract. He affirmatively asserts that such a cause of action rested in the deceased. The first suggestion that such a cause of action is alleged is contained in the original opinion. The defendant in its petition for rehearing merely calls this to our attention. In any event, if there has been any shift of position it is not chargeable to defendant.

I vote to allow the petition.